## EVERETT A. CLEMENT

*v.*

## BOARD OF TRUSTEES OF STATE REFORM SCHOOL.

1. STATE REFORM SCHOOL—*powers of the trustees.* The Board of Trustees of the State Reform School are a corporation, with special and limited powers and duties, and have no power to make a contract with an individual for the use of the services of the inmates of that institution.

2. QUANTUM MERUIT—*questions to be tried in suit.* The question to be tried for a recovery upon a *quantum meruit,* is simply whether, in view of all the circumstances, the defendant ought, in equity and good conscience, to pay the plaintiff anything; and in determining this question, all the surroundings and circumstances of the case are to be considered.

3. MEASURE OF DAMAGES—*on quantum meruit—void contract.* Where a party, at great expense, provides himself with tools and materials, for the purpose of carrying on a continuous business for five years, under a special contract with the trustees of the reform school, whereby he is to have the labor of a certain number of the inmates of such school for five years, at a certain price per day, and it appears the trustees had no power to make such contract, in a suit by the trustees to recover upon the *quantum meruit* for one year's labor of the inmates, performed under the contract, it would be plainly unjust to take the price named as a basis upon which to calculate the value of the labor actually performed.

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Mr. S. S. LAWRENCE, Mr. C. C. STRAWN, and Mr. JAMES K. EDSALL, Attorney General, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action of assumpsit, by appellees against appellant, for the services of the inmates of the State Reform School. The services were rendered between April 1, 1873, and June 26, 1874.

The services were rendered under a special contract, made March 25, 1873, between the parties, by the terms of which appellant was to have the use of the services of fifty of the

inmates for five years from April 1, 1873, in the manufacture
of boots and shoes.   The boys were to be selected by appellant.
They were to work for appellant seven hours per day, and ap-
pellees were to provide rooms for the work, and keep them
warm, and necessary store rooms, and subsist the inmates, and
enforce discipline.   For the first thirty days' labor of each
inmate, appellant was to pay nothing, and for each day's labor
after thirty days' experience, appellant was to pay appellees at
the rate of twenty-five cents per day.   Part of the services
were paid for at this rate.

The declaration had a special count upon this contract, and
the common counts.   The issues were tried by the court, a
jury being waived, and found for appellees, and judgment
rendered against appellant for $1778.10.

It is plain that the special contract was void.   The appellees
were a corporation, with special and limited powers and duties,
and no power was conferred upon them to make this contract.
It is insisted, however, by appellees, that, in the absence of
any contract, a recovery was proper upon a *quantum meruit*.
After a careful examination of the proofs, however, we do not
find evidence sufficient to support the finding of the court upon
a *quantum meruit*.   It is suggested that the price named in
the special contract may be taken as a basis.   This would
plainly be unjust.   Appellant, at the request of appellees,
provided himself, at great expense, with tools and materials
for a continuous business for five years, and incurred expenses
in educating the inmates, and might well find it profitable, upon
such terms, to pay twenty-five cents per day for the services,
and yet might not find it profitable to carry on the business
for one year, and have the labor furnished free of charge.   It
is plain that a day's labor by an inmate who had one year's
training at the business, might be worth very much more than
a day's labor by the same inmate when he had but thirty days'
experience.

The question to be tried for a recovery upon a *quantum
meruit* is, simply, whether, in view of all the circumstances,
the appellant ought, in equity and good conscience, to pay

appellees anything more than has been paid for the use of the labor which he had, and if so, how much. In determining this question, all the surroundings are to be considered; the actual profit made in the manufacture of the goods; the reasonable expense of preparation, in view of the inducements held out, and the loss or sacrifice, if any, in having the business suddenly stopped, with a stock of raw materials on hand. The evidence seems not to have been addressed to this question, and does not furnish a satisfactory answer to it.

The judgment is reversed and the cause remanded.

*Judgment reversed.*